By the Court.—Monell, J.
The complaint was sufficient in the allegation of ownership of the property. It was averred that they were the goods “ of the plaintiff,” which was in legal effect an averment that the goods were owned by the plaintiff. It followed the form of averment in the late declaration in replevin, where it was merely alleged to be the property of the plaintiff (3 Burrill Pr. 296), or the goods of the plaintiff (Chit. Pl.). This case differs from Scofield v. Whitelegge (33 N. Y. Supr. Ct. R. p. 179). In that case there was no averment whatever of ownership. But the Court of Appeals, in affirming Scofield v. Whitelegge (49 N. Y. R. 259; S. C. 12 Abb. [N. S.] 320), approving of Patterson v. Adams (7 Hill. 126), fully establishes the sufficiency of a pleading which alleges the goods to be “ of the plaintiff” (p. 324). This question has been more fully examined in Van der Minden v. Elsas, decided at the present term, where the question arose on demurrer to a complaint averring that the goods were “the goods of the plaintiff,” as in this case, and the complaint was held to be sufficient.
*558 This action was for the wrongful detention of the goods, and the original complaint alleged only a wrongful detention, "but the court allowed it to "be amended by the insertion of an averment that the taking was also tortious. It is insisted, however, that there should also have been an averment of a demand before suit.
However necessary the proof of a demand and refusal before suit may be to establish a wrongful detention, it is not necessary to allege it when the action is also for a wrongful taking. In Hunter v. Hudson R. R. R. Co. (20 Barb. 493), the court went even further, and held that the averment of wrongful detention was sufficient as a pleading, and an allegation of demand and refusal was not necessary. Some earlier cases are substantially to the same effect (Fonda v. Van Horne, 15 Wend. 631; Acker v. Campbell, 23 Id. 872; Barrett v. Warren, 3 Hill, 848), the rule as stated being, that an action to recover possession of personal property lies, where formerly trespass de bonis asportatis, could be maintained (Sharp v. Whittenhall, 576). The sufficiency of the complaint in this case is also upheld by the Court of Appeals in Levin v. Bussell (42 N. Y. R. 251), where there was an allegation that the goods were “ wrongfully withheld,” etc.
In any event, however, the amendment which the court allowed by inserting in the complaint the allegation that the goods were “forcibly tabeen from the plaintiff,” would render it unnecessary to even prove a demand and refusal. Where the talcing is unlawful, an averment of demand and refusal is not required (Scofield v. Whitelegge, supra). The motion to dismiss the complaint was properly refused.
The amendment of the complaint being within the power, was also within the discretion of the court, and cannot be reviewed on appeal from the judgment (N. Y. Ice Co. v. N. W. Ins. Co., 23 N. Y. R. 357).
The motion to strike out the testimony of the plaintiff *559 on the question of value was correctly disposed of. There was enough in the evidence to go to the jury, and of its sufficiency or weight they were the exclusive judges. The witness testified to some knowledge of the value of the property, and it would have been error, I think, to have taken it from the jury.
The reopening the case to let' in more proof was a matter wholly in the discretion of the court, and, therefore, not the subject of an exception. It is always competent, and sometimes quite proper, for the judge at the trial to relax the general rale which requires a party to exhaust his evidence before resting. The rule is most salutary, and should be departed from sparingly. But its enforcement or relinquishment may be safely left with the judge at the trial.
The charge of the judge is not printed in the case, but we must assume that all the questions of fact were given to the jury. And as upon these questions the evidence was sufficiently conflicting to bring the verdict within the established rule, we cannot disturb it.
The judgment and order should be affirmed, with costs.